The facts are sufficiently stated in the opinion, which was delivered October 20, 1856. *Page 591 
This is a motion, or petition, for a reconsideration by the commissioner and the judge, of the above decision, on the ground that the decision of the commissioner reported to the Hon. William R. Staples, late chief justice of the supreme court, on the 24th day of August, 1855, and approved on the 26th day of September, 1855, is not valid and binding, because the commissioner did not report a statement of the facts as they were sworn to or admitted, but instead thereof reported as facts his own conclusions upon the testimony; it appearing from the petition of said Smith that "he insists that there can be no final or binding decision, until a statement of the evidence
shall be made to the judge," for reasons by him in his petition set forth.
The 65th section of the "act to revise and amend the laws regulating public schools" provides, "that the commissioner may, and if requested at the hearing, by either party, shall, lay astatement of the facts of the case before some one of the judges of the supreme court, whose approval of such decisionshall be final." If, then, in the matter of this decision, upon such request, a statement of the facts of this case, in the sense of the statute, has been laid before one of the judges of the supreme court, and the decision of the commissioner has been by him approved, this "approval" is, by the very words of the statute, made final, irrespective of the merits of the decision approved. The "appeal," in other words, in the civil law sense of the term, and as it is used in our statutes, that is, a rehearing of the whole cause, matter of fact as well as law, after it has been decided by a competent tribunal, is expressly given by the first words of the section of the school act above referred to, to the commissioner; and the section provides, that his decision upon such appeal shall be final, if the commissioner, upon the request of either party, shall "lay a statement of the facts of the case" before one of the judges of the supreme court, and he shall approve the decision. The purpose of this last provision was, undoubtedly, to give to the commissioner and the parties the aid of such a judicial officer in matters of law, and to secure, as far as conveniently practicable, by an uniform construction of the act, an uniform system of legislation upon so important and interesting a subject as the discipline and government of our public schools. *Page 592 
The document annexed, entitled "Decision of commissioner of public schools in case of appeal of E. Smith from a vote of the school committee of Smithfield, annulling the certificate of Smith as teacher in said town," signed by Robert Allyn, commissioner of public schools, with Judge Staples's note to the commissioner subjoined, approving of the commissioner's decision, with the petition for a rehearing of Emor Smith to Rev. Robert Allyn, commissioner of public schools, "In the matter of Emor Smith's appeal from the school committee of Smithfield," embracing forty-one pages, together with the decision of the said Robert Allyn thereto prefixed, dismissing this motion or petition for reconsideration for want of jurisdiction, have been laid before me, according to the request contained in said petition, by the said Robert Allyn as commissioner, for my approval, and I do hereby approve of his dismissal of said motion or petition, on the ground, that he has no jurisdiction to entertain the same.
The document entitled "Decisions, c." is, in my judgment,"a statement of facts" by the commissioner in the sense of the 65th section of the school act, although it is not, as it is averred by the petitioner that it is not, a statement of the testimony or evidence by means of which the commissioner ascertained the facts which he states in it. "A statement of facts," from testimony or evidence must, from its very nature, be the conclusions of the officer entitled to make it, from the testimony or evidence which he has heard; and the distinction between such a statement and a statement of the evidence or testimony upon which it is based is too well settled in legal practice and parlance to require illustration. Whether the conclusions drawn from the evidence or testimony by the commissioner were legitimate or not, is a matter which the law does not, in my judgment, confide to the judge, but solely to the commissioner, who alone hears the appeal, listens to the witnesses, examines the evidence, and arrives at the conclusion of what are "the facts of the case." No power, no means, are, in my judgment, given to the judge to examine into these facts. It is the duty of the commissioner, under the law, to decide what the facts are, and to lay a statement of them before the judge, with his decision upon them; and the sole office and jurisdiction of the judge is, upon such statement, to approve or disapprove the decision of *Page 593 
the commissioner. This is not only plain from the words of the act, but is to be inferred from the nature of the facts to be ascertained, the good or ill discipline of schools, the fitness or unfitness of teachers to instruct or discipline scholars, and the like facts, peculiarly fitted to be ascertained from evidence by the commissioner, but which the judge would ordinarily have no such peculiar qualifications to ascertain.
The jurisdiction of courts and judicial officers over visitors of collegiate or academic bodies, whether at the common law, or as measured out by statutes, is ordinarily of the most limited character, both in England and in this country; and for the very reason, that, beside the fact that the visitor is presumed to be selected by the founder or the state as best fitted to judge in matters of collegiate or academic discipline, his power is, as said by Lord Mansfield in the celebrated case of The King v. The Bishop of Ely, (1 Wm. Blacks. Rep. 82,) "certainly very convenient for these learned bodies. It is forumdomesticum, calculated to determine sine strepitu all disputes that arise within themselves; and the exercise of it is in no instance more convenient than in that of elections. If the learning, morals, or proprietary qualifications of students were determinable at common law, and subject to the same reviews asin legal actions, there would be the utmost confusion anduncertainty; while he who has the right may possibly be kept out of the profits of what is in itself but a temporary subsistence."
Accordingly, upon subjects within his jurisdiction, it is the well-settled doctrine of the general law in England that the sentence of a visitor is final and conclusive; nor can the King's court, in any form of proceeding, either directly or collaterally, review the sentence. The action of the courts in such cases is confined to inhibiting him from proceeding beyond his jurisdiction, taking care, where the general matter is within his jurisdiction, not to anticipate his own judgment as to his jurisdiction to do the particular act which he is called upon to perform. It has even been held, that, where a visitor has actually executed a sentence of expulsion, though he may appear to have exceeded his jurisdiction, a mandamus will not lie to restore the party expelled; for that would be to command avisitor to reverse his own sentence. See Angell and Ames on Corporations, (5th ed.) § 693, pp. 750, 751, and cases cited. And *Page 594 
where, as is sometimes the case in this country, power is given by charter or legislative act over the sentence of visitors, it will be found to be confined to matters of law, — such as, Have they acted contrary to the statutes of the foundation? or, Have they exceeded the limits of their jurisdiction? As an instance, see Murdock's Appeal, 7 Pick. 320, 321.
The jurisdiction of the school commissioner under the public school act, by way of appeal from the decisions or doings of school committees, district meetings, trustees, and county inspectors, is, looking to the subject, nature, and manner of its exercise, rather a visitational power, than that of an ordinary legal tribunal, — and the power of the judge of the supreme court in the matter of such an appeal is limited, precisely as might have been anticipated from the universal course in such cases, — to the mere approval of the decision of the commissioner upon his statement of the facts.
It being admitted by the petitioner in his said petition that the decision and statement of facts of the commissioner in the matter of this appeal was laid by the commissioner before Chief Justice Staples on the 24th of August, 1855, and that the said decision was by Chief Justice Staples, then one of the judges of the supreme court, approved, — and it appearing to me that the statement of facts submitted to said judge was such a statement of facts as is required by the statute, and that his approval thereupon of the decision of the commissioner is final, — I therefore approve the decision of the commissioner, that this motion or petition for reconsideration must be by him dismissed, for want of any jurisdiction in him alone, or in him conjointly with a judge of the supreme court, to rehear or reconsider the decision so approved.
After such a decision and approval made, neither the commissioner nor Judge Staples, if the latter were still in office, could rehear or reconsider the matter of the same, no matter how erroneous such decision and approval might be. Much less can the commissioner with another judge of the supreme court, or subject to approval of such judge, whether then in office or succeeding to the office of Judge Staples, reconsider and rejudge his approval. *Page 595 
APPEAL OF JOHN H. WILLARD.
The school committee of a town cannot amove the clerk of their board unless for cause, and after due notice, and opportunity given to him to defend himself. If, however, the clerk, being present, asks for no delay, but proceeds to defend himself, he will be deemed to waive formal notice, and the vote amoving him will be valid.
THIS appeal from the commissioner's decision was, at the request of John H. Willard, brought before Ames, Chief Justice, upon the following statement of facts; and was decided January 31, 1857.
"On the 13th of December, 1856, at the regular monthly meeting of the school committee of North Providence, a resolution was offered, and passed in these words: "Whereas, the clerk refuses to complete the record of July 19, 1856, as voted at this meeting of the school committee, December 13, 1856, thereforeResolved, That the office of the clerk be declared vacant." P.B. Stiness, Jr., was then elected clerk to fill the vacancy thus created, and John H. Willard, the appellant, who had been elected clerk of the committee at their first special meeting, held June 14, 1856, gave notice of his intention to appeal to the commissioner of public schools from the vote declaring his office vacant.
The appeal was accordingly made December 15, 1856, and received by the commissioner on the 17th; and by notice given to the parties on the 17th, the time of hearing was fixed on December 20th at two o'clock, P.M., at the commissioner's office in Providence.
On the trial the parties appeared, and were heard by testimony and argument before the commissioner.
The points raised for consideration are two. 1st. Has the school committee a right, after having made an election of a clerk, — an officer created by the school law and necessary to the organization and legal action of the committee, — to remove that clerk, unless by charges and trial, after notice, for misdemeanor before the expiration of the term of their own office?
2d. If they have such right or power, were the reasons alleged sufficient to justify them in the summary exercise of that right?
If the first question be decided in the negative, there is no occasion to examine the testimony upon the second. *Page 596 
I am of opinion that the school law, (see §§ 9 and 10,) makes the election of a chairman and clerk necessary to a legal organization of the committee, and the law nowhere gives to the committee any power whatever to remove its officers. This removal can, therefore, only be made for cause, and in the same manner as any other officer elected for a specified time could be removed. This must be by trial, and after notice.
With this view, a decision of the late commissioner, Hon. E.R. Potter, accords. That was in regard to a district trustee, an officer of no more responsibility than a clerk of the school committee, and was to the effect that "an election once made could not be rescinded, and that he, the trustee, could only be removed after notice and a hearing."
My decision, therefore, is, that said vote, passed as it was without previous notice and opportunity given for hearing and trial, is void.
By request of Mr. Willard, made on the hearing before me, this decision is now submitted to his honor, Chief Justice Ames, of the supreme court, for his opinion thereon.
Given under my hand, at the office of commissioner of public schools in Providence, this 31st of January, A.D. 1857.
ROB'T ALLYN, Commissioner of Public Schools."